IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

D.H. DEESIGNS, LLC,

                Plaintiff,

      v.

YUYING BAI and DOES 1-10

                Defendants.

**Civil Action No.:** 22 cv 6774

**FILED UNDER SEAL**

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

After a hearing on the Order to Show Cause Why a Preliminary Injunction Should Not Be Granted, upon review of the Motion by Plaintiff D.H. Deesigns, LLC ("DHD" or "Plaintiff") for (1) Temporary Restraining Order, (2) Order to Show Cause Why A Preliminary Injunction Should Not Issues, (3) Order Restraining Defendants' Assets, (4) Order Authorizing Bifurcated and Alternative Service, and (5) Order Authorizing Expedited Discovery, and Plaintiff's Complaint and Memorandum of Law in Support of DHD's Motion for the same, and upon a finding that there exists sufficient grounds for the immediate issuance of this order, inasmuch as it appears that DHD is likely to prevail upon the merits of its claims against Defendants, that DHD will suffer immediate and irreparable harm, that a balance of the hardships favors DHD, and that preliminary relief will serve the public interest. THEREFORE, based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

ORDERED, that Defendants are hereby preliminarily enjoined as follows:

## I.  NO FURTHER INFRINGEMENT OF DHD'S MARKS

1.      Name.com, Inc., and any other domain registrar of the Subject Domain, shall immediately transfer the Subject Domain to DHD.

2.      Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons in active concert or participating with any of them, are preliminarily enjoined from:

a.   advertising, marketing, promoting, selling, offering for sale or authorizing any third party to advertise, market, promote, sell and offer for sale any goods or services bearing the Dee Ocleppo Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Dee Ocleppo Marks;

b.   engaging in any activity that infringes DHD's rights in the Dee Ocleppo Marks;

c.   engaging in any activity that constitutes unfair competition with DHD;

d.   using or authorizing any third party to use any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with DHD;

e.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that the products or services promoted, offered, or sponsored by Defendants are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with DHD, or that DHD's products and services are in any

manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

f.   registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Dee Ocleppo Marks or any other mark that infringes or is likely to be confused with the Dee Ocleppo Marks, or any products of DHD; and

g.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in above subparagraphs.

3.      Defendants shall within fourteen (14) days deliver up for destruction any and all products, circulars, price lists, labels, brochures, business cards, signs, prints, packages, wrappers, pouches, advertising matter, promotional materials, and other materials in the possession or control of Defendants bearing the Dee Ocleppo Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Dee Ocleppo Marks;

4.      Defendants shall within thirty (30) days file with the Court a sworn written statement setting forth in detail the manner and form in which Defendants have complied with this Order.

## II.      Asset Restraining Order

1.      IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary

to its authority to provide final equitable relief, as sufficient cause has been shown, that the Financial Institutions shall, within five (5) days of receipt of service of this Order, locate and attach any and all financial accounts associated with or utilized by any Defendants or the Infringing website www.deeoclepposhop.com (whether said account is located in the U.S. or abroad) and shall provide written confirmation of such attachment to Plaintiff's counsel.

### III.    Order Authorizing Alternative Service by Electronic Means

IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1.    DHD shall serve a copy of this Order on each Defendant by email using the email addresses found on the website associated with the Subject Domain and related domain registration records, as well as any email addresses discovered under paragraph 3 of the Temporary Restraining Order, above or by any reasonable alternative means necessary to effect service.

2.    IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants and any and all banks, financial institutions, credit card companies and payment processing agencies, and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants through the pendency of this action.

### IV.    Order Authorizing Expedited Discovery

IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1.    Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

a.  their true name and physical address;

b.  the name and location and URL of any and all websites and domains that
Defendants own and/or operate;

c.  the complete sales records for any and all sales of DEE OCLEPPO branded
products, including but not limited to number of units sold, the price per unit, total
gross revenues received (in U.S. dollars) and the dates thereof;

d.  the account details for any and all financial accounts associated with or utilized by
any Defendants (whether said account is located in the U.S. or abroad), including,
but not limited to, the account numbers and current account balances; and

2.       Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal
Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern
and Eastern Districts of New York and Defendants who are served with this Order shall provide
written responses under oath to such interrogatories within fourteen (14) days of service to
Plaintiff's counsel.

3.       Plaintiff may serve requests for the production of documents pursuant to Fed. R.
Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the
production of documents shall produce all documents responsive to such requests within fourteen
(14) days of service to Plaintiff's counsel.

IT IS FURTHER ORDERED, as sufficient cause has been shown, that DHD may serve
subpoenas on banks and other financial institutions, credit card companies and payment
processing and other companies or agencies that engage in the processing or transfer of money
and/or real or personal property of Defendants requiring them to identify any and all financial
accounts associated with or utilized by any Defendants (whether said account is located in the

U.S. or abroad) and provide Plaintiff's counsel with a report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' financial accounts and confirmation of said compliance with this Order.

IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

4.     Within fourteen (14) days of receiving actual notice of this Order, any and all banks, financial institutions, credit card companies and payment processing agencies and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all financial accounts associated with or utilized by any Defendant (whether said account is located in the U.S. or abroad), including, but not limited to, documents and records relating to:

    a.   account numbers;

    b.   current account balances;

    c.   any and all identifying information for Defendants, including, but not limited to, names, addresses and contact information;

    d.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' identified financial accounts;

e.  any and all deposits and withdrawals during the previous year from each and
    every one of Defendants' identified financial accounts and any and all
    supporting documentation, including, but not limited to, deposit slips,
    withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' identified
    financial accounts during the previous year, including, but not limited to,
    documents sufficient to show the identity of the destination of the transferred
    funds, the identity of the beneficiary's bank and the beneficiary's account
    number.

IT IS ORDERED THIS ___24th___ day of ___August___, 2022

_____
The Honorable_____
United States District Judge